## SWEENEY *v.* NEW YORK, N. H. & H. R. Co.

*(Superior Court of New York City, General Term.   June 27, 1890.)*

MASTER AND SERVANT—NEGLIGENCE OF MASTER.

In an action for injuries received by plaintiff while in the employ of defendant as a brakeman, by the breaking of a defective coupling link, it is error to instruct, as a matter of law, that defendant is guilty of actionable negligence, where the evidence tends to show that a fellow-servant of plaintiff used the defective link, though the defect was apparent on inspection, and defendant had provided other links which were perfectly safe.

Appeal from jury term.

Action by Owen Sweeney against the New York, New Haven & Hartford Railroad Company for personal injuries sustained by plaintiff while in the employ of defendant as brakeman.   The evidence went to show that the injuries were sustained in a collision caused by the breaking of a defective link connecting the tender of an engine with a freight-car.   The defect was apparent on inspection.   There was no evidence as to who put the link in place, but such duty devolved upon one of the crew to which plaintiff belonged. Judgment was given for plaintiff, and defendant appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Page & Taft,* for appellant.   *Thomas P. Wickes,* for respondent.

FREEDMAN, J.   Assuming that the trial judge was right in refusing to dismiss the complaint, and in holding that the plaintiff was not guilty of contributory negligence, and that the proximate cause of plaintiff's injury was the breaking of the coupling link between the tender and the car next to it of defendant's train, it does not follow that the breaking of the said coupling link constituted negligence *per se* in the defendant.   From the evidence on this point, although uncontradicted, reasonable minds may draw different conclusions.   In a certain aspect of the case the jury might have reached the conclusion that a fellow-servant of the plaintiff negligently used the said coupling link, notwithstanding its insufficiency and defect were apparent on a bare inspection, and although the defendant had provided quite a number of others which were perfectly safe and sufficient, and from which a selection should have been made by such fellow-servant.   The question of defendant's negligence was therefore one of fact, to be determined by the jury, and it was error in law to withdraw it from the consideration of the jury, and to hold that the defendant had been guilty of negligence, as matter of law, in not having provided a safe and sufficient coupling link, and to instruct the jury that the only question to be determined by them was the question of damages. As the error specified necessitated a new trial, it is not necessary to discuss the other questions in the case.   The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.